## FRANKLIN-AMERICAN LAUNDRY & DRY CLEANING CO v TAX COMM et

Ohio Appeals, 2nd Dist, Franklin Co

No 2267. Decided Feb 28, 1933

Taylor, Bues and Grabiel, Columbus, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, William J. Ford, Assistant Attorney General, Columbus, Donald J. Hoskins, Prosecuting Attorney, Columbus, and Eugene Carlin, Assistant Prosecuting Attorney, Columbus, for defendant in error.

**BARNES, J.**

The question for determination was and is whether or not under the provisions of the Code the plaintiff in error can properly be classified as a manufacturer.

If so, it will be assessed for taxation on the basis of fifty per cent true value in money; otherwise, the first paragraph of §5388, **GC**, will control, which provides in part as follows:

"Excepting as herein otherwise provided, property shall be listed and assessed at seventy per centum of the true value thereof, in money, * * *."

On appeal to the Tax Commission of Ohio it was determined that the plaintiff in error was not a manufacturer and its appeal dismissed; this conclusion was concurred in by the Court of Common Pleas on proceedings in error in said court.

Very voluminous and helpful briefs have been presented to this court.

We are unable to add anything to the literature of the case.

Counsel for defendant in error in their brief cite many cases of the courts of last resort of this and other jurisdictions, wherein definition of the term "manufacturer" is given.

The Century Dictionary defines the term as follows:

"Manufacture is the production of articles for use from raw or prepared materials by giving to those materials new forms, qualities, properties or combinations whether by hand labor or by machinery."

The United States Supreme Court adopted the above definition in the case of American Fruit Growers, Inc. v Vrogdex Company, 283 U. S., 1.

In 1885 the Supreme Court of Ohio in the case of **Engle v Sohn & Company, 41 Oh St, 691,** had under consideration a construction of this same statute (§5385, **GC**) then §2740 Revised Statutes, on the question whether the defendant in error was taxable as manufacturers or merchants. The then section of the Revised Statutes reads the same as the present section of the Code.

The syllabus gives a clear understanding of the question and reads as follows:

"A person who purchases and slaughters hogs, for the purpose of adding to the value thereof by certain processes and combination with other materials—whereby they are converted into bacon, lard and cured meats, —with a view of making a gain or profit thereby, is a manufacturer and taxable as such, under §2742 of the Revised Statutes."

On page 694 of the opinion, Judge Dickman, speaking for the court, makes the following observances:

"But the definition of a manufacturer contemplates the attainment of such object by adding to the value of the property after purchase, by some process or combination with other materials, while the merchant is supposed to get his advanced price or profit by selling the article as it is, without subjecting it to any change by hand, by machinery or by art. The material entering into the manufactured article may be modified, more or less, in its identity as it passes through the several stages of a manufacturing process; * * *

"The occupation of the defendants in error was, we think essentially that of manufacturers. By the use of tools, implements, and mechanical devices; by subjecting the slaughtered animals to divers processes, running—some of them—through several months; by a combination with various materials and ingredients requiring skill, care and attention, products were obtained in the form of pork, lard and cured meats, to which may appropriately be applied the term 'manufactured articles.' The original substance, though not destroyed, was so transformed through art and labor that without previous knowledge it could not have been recognized in the new shape it assumed, or in the new uses to which it was applied. One who produces such results may as correctly be designated a manufacturer as he who buys lumber, and planes, tongues, grooves, or otherwise dresses the same; or as he who by a simple process makes sheets of batting from cotton; or as he who buys fruit and preserves the same by canning—all of whom have been held to be manufacturers, and taxed as such, under the internal revenue laws of the United States."

Counsel for plaintiff in error argues that §5385, GC, defines manufacturers and that the definition therein is much broader than the generic and ordinary legal meaning of the term.

That the term is defined by said §5385, GC, cannot be questioned. Likewise its terms are broader than the ordinary legal meaning in that it includes refining and rectifying.

But for the inclusion of these two words, "refining" and "rectifying" the definition in the Code and the ordinary legal meaning would be the same.

The words "refining" and "rectifying" have well defined meanings in the industrial world, but a laundry or dry cleaning business has not been referred to as a refining or rectifying plant.

It is presumed that the Legislature intended that its language would be given its ordinary and usual meaning.

It is our conclusion that the plaintiff company was not a manufacturer under the ordinary and generic meaning of the term, nor do the terms of inclusion in §5385, GC, so broaden the definition as to embrace the business of the plaintiff in error.

Under the amendment to the Constitution, classification of property for taxation purposes is authorized and this is a complete answer to the claim of the plaintiff in error that a construction of the law which would permit a listing and authorizing of its property at seventy per cent of its true value would be discrimination and render the section unconstitutional.

If the property of the plaintiff in error properly belongs in a different classification, that is a question to be properly brought before the Legislature as was done in the State of Pennsylvania. See Commonwealth v Wark Co., 301 Pa. St., 150, wherein the Pennsylvania statute is quoted. Finding no prejudicial error the petition in error will be dismissed at costs of plaintiff in error. Decree will be entered accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.